2022 UT App 15

## THE UTAH COURT OF APPEALS

LISA M. MILLER,
Appellant,
*v.*
AMY ELIZABETH DASILVA,
Appellee.

Opinion
No. 20200719-CA
Filed February 3, 2022

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 204904364

Steve S. Christensen and Clinton Brimhall, Attorneys
for Appellant

Amy Elizabeth Dasilva, Appellee Pro Se

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN FORSTER
concurred.

HAGEN, Judge:

¶1 A final judgment on a petition for a cohabitant abuse protective order cannot be entered based on a commissioner's recommendation until the parties are afforded their statutory right to object. If a timely objection is filed, the objecting party is entitled to a hearing before the district court. In this case, once the commissioner recommended that the protective order be denied and the case dismissed, a final order was immediately entered and the petitioner's timely objection was subsequently denied without a hearing. Because a final judgment was entered before the time for filing an objection had passed and without holding a hearing on the objection, we vacate the final judgment and remand to the district court to hold the required hearing.

BACKGROUND

¶2 Lisa Miller petitioned the district court for a cohabitant abuse protective order against her former friend and tenant, Amy Dasilva. A temporary protective order was issued, and a hearing was scheduled before a commissioner. At the conclusion of the hearing, the commissioner made the following findings:

> I cannot find that there is sufficient evidence to support a finding that Ms. Da[s]ilva has been stalking Ms. Miller. And I cannot find a fear of ongoing physical harm.[1] And, therefore, I am going to respectfully dismiss the protective order.

---

1. It appears the commissioner may have mistakenly assessed whether there was sufficient evidence to issue a civil stalking injunction, rather than a cohabitant abuse protective order. To prove stalking for purposes of a civil stalking injunction, the petitioner must show that the respondent has intentionally or knowingly engaged in "two or more acts directed at or toward a specific person" and "knows or should know that the course of conduct would cause a reasonable person" to fear for their own or another's safety or suffer other emotional distress. *See* Utah Code Ann. § 76-5-106.5(1)(a), (2) (LexisNexis Supp. 2020). In contrast, a cohabitant abuse protective order may be issued on a showing that the cohabitant "has been subjected to abuse or domestic violence" or where there "is a substantial likelihood of domestic violence." *Id.* § 78B-7-602(1). Despite this apparent error, we cannot accept Miller's invitation to reverse the commissioner's recommendation because that recommendation is not a final order subject to appeal. Any errors in the commissioner's analysis must be raised at the hearing on Miller's objection.

A minute entry reflected that the "Commissioner recommends" that the petition "be DENIED and this case be dismissed" because "[t]he evidence does not support the entry of a protective order."

¶3     That same day, at the direction of a district court judge, the court clerk entered a final order that stated: "This case is dismissed. Any protective orders issued are no longer valid."

¶4     Miller filed a timely objection to the commissioner's recommendation, requesting an evidentiary hearing before the district court pursuant to rule 108 of the Utah Rules of Civil Procedure. The next day, the district court denied that objection on the grounds that "dismissal of a protective order . . . is not a matter that is heard by the District Court Judges under Rule 108 as it is not a recommendation of the Commissioner, but rather a final decision."

¶5     Miller filed a timely notice of appeal.

## ISSUE AND STANDARD OF REVIEW

¶6     The dispositive issue before us is whether, under Utah Code section 78B-7-604(1)(f), the district court was permitted to immediately dismiss the case based on the commissioner's recommendation and thereafter deny Miller's objection and request for a hearing. "The proper interpretation and application of a statute is a question of law, and we afford no deference to the trial court in reviewing its interpretation." *Patole v. Marksberry*, 2014 UT App 131, ¶ 5, 329 P.3d 53 (cleaned up).

## ANALYSIS

¶7     Under the Cohabitant Abuse Act, the court may issue a protective order without notice to the other party (an ex parte

protective order) if it appears from the petition "that domestic abuse has occurred" or is substantially likely to occur. Utah Code Ann. § 78B-7-603(1)(a) (LexisNexis Supp. 2020). If the court issues an ex parte protective order, it must schedule a hearing and provide notice to the respondent. *Id.* § 78B-7-604(1)(a). After notice and a hearing, the court may issue a cohabitant abuse protective order, which is effective until further order of the court. *Id.* § 78B-7-604(1)(e). If such an order is not issued, the ex parte protective order expires unless extended by the court. *Id.* § 78B-7-604(1)(b).

¶8 A commissioner may conduct the required hearing in cohabitant abuse cases and "[m]ake recommendations to the court." Utah R. Jud. Admin. 6-401(1)–(2)(D). If the hearing takes place before a commissioner, "either the petitioner or respondent may file an objection within 10 days after the day on which the recommended order [is issued by the commissioner] and the assigned judge shall hold a hearing within 20 days after the day on which the objection is filed."[2] Utah Code Ann. § 78B-7-604(1)(f).

¶9 Here, the district court denied Miller's objection to the commissioner's recommendation without holding a hearing. Miller argues this was a "violation of the mandate in Utah Code Ann. § 78B-7-604(1)(f)." We agree.

¶10 In denying Miller's objection, the court ruled that "dismissal of a protective order" is not a matter that can be heard by the district court under rule 108 because "it is not a

---

2. Effective May 5, 2021, the statute now provides that an objection must be filed within fourteen days and that the assigned judge must hold a hearing within twenty-one days after the objection is filed. Utah Code Ann. § 78B-7-604(1)(f) (LexisNexis Supp. 2021).

recommendation of the commissioner, but rather a final decision." Because commissioners are prohibited from making "final adjudications," Utah R. Jud. Admin. 6-401(4)(A), we assume that the district court was referring not to the commissioner's recommendation, but to the order dismissing the case entered at the direction of a district court judge immediately after the hearing before the commissioner. Even so, the rule expressly provides that "[a] judge's counter-signature on the commissioner's recommendation does not affect the review of an objection." Utah R. Civ. P. 108(a). Once Miller filed a timely objection to the commissioner's recommendation and a request for hearing, the district court was statutorily required to hold a hearing within twenty days. *See* Utah Code Ann. § 78B-7-604(1)(f). The district court erred by denying the objection without holding such a hearing.

CONCLUSION

¶11    The district court did not have authority to enter a final order dismissing this case before the time for filing an objection to the commissioner's recommendation had expired. Because Miller filed a timely objection and request for hearing, she was entitled to a hearing before the district court. Accordingly, we vacate the final judgment, reverse the district court's order denying the objection, and remand for the district court to hold the hearing required by statute.

_____